**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-1633-WJM-KMT

MECHANICAL & PIPING, INC.,

   Plaintiff,

v.

AMCO INSURANCE COMPANY

   Defendant.

---

**ORDER REMANDING CASE TO DENVER COUNTY DISTRICT COURT**

---

This matter is before the Court *sua sponte* on Defendant's Notice of Removal (the "Notice"). (ECF No. 1.)  In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297, 1301 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005).

In the Notice, Defendant avers that the Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).  (*Id*. at 1.)  Section 1332(a)(1) states that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

The Notice sufficiently alleges that the Plaintiff and Defendant are citizens of different states.  (ECF No. 1 at 3-4.)  With respect to the amount in controversy, Defendant contends "[i]t is clear that the amount in controversy exceeds $75,000."  (*Id*. at 5.)  "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal."  *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).  Here, the Complaint does not include a sum certain damages request.  (ECF No. 1-5.)  The Court therefore must look to the Notice to determine if defendant has "affirmatively established" the amount in controversy.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  When doing so, the Court must keep in mind that the "[d]efendant's right to remove and plaintiff's right to choose his forum are not on equal footing; . . . where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Martin*, 251 F.3d at 1289-90.

In the Complaint, Plaintiff seeks to recover two times the covered benefits under the insurance policy, as well as attorney's fees, costs, and pre-judgment and post-judgment interest.  (*Id*. at 5.)  In the Notice, Defendant alleges that Plaintiff's covered benefits are tied to the settlement of an underlying dispute between Plaintiff and a company called Reeves Specialty Service.  (ECF No. 1 at 2.)  Defendant contends that the amount of the settlement was $35,481,28 and that two times that benefit plus attorney's fees and court costs "demonstrates that the amount in controversy exceeds $75,000."  (ECF No. 1 at 5.)

There are several deficiencies in the Defendant's analysis. First, pursuant to Section 1332(a)(1), the Court may not consider costs in determining whether the $75,000 jurisdictional threshold has been satisfied. Second, while the total value of the settlement was $35,481.28 as Defendant alleges, the settlement agreement shows that Defendant has already paid $5,500.00 of that amount. (ECF No. 1-5 at 2.) Therefore, Plaintiff paid only $29,981.28 of the settlement. Based on this reduction, Plaintiff's request for twice the covered benefit amounts to an allegation of less than $60,000 in damages, which is substantially less than the jurisdictional minimum. While the Court may consider a possible award of attorney's fees as part of the amount in controversy, Defendant has offered no evidence to suggest that a reasonable attorney's fee award in this case would exceed $15,000. As this Court has previously observed, "the mere fact that attorney's fees might be awarded to the Plaintiffs does not established that the fees claim (or found to have been reasonably incurred) would exceed $75,000." *Tafoya v. Am. Family Ins. Co.*, 2009 WL 211661, *2 (D. Colo. Jan. 28, 2009).

The party invoking federal jurisdiction—here, the Defendant—bears the burden of proving that such jurisdiction exists. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). The Court starts with the presumption that there is no sufficient basis for subject matter jurisdiction and the burden is on the removing party to establish by a preponderance of the evidence the facts necessary to demonstrate the existence of such jurisdiction. *McPhail v. Deere & Co.*, 529 F.3d 947, 954-55 (10th Cir. 2008). Defendant's Notice of Removal in this case shows that Plaintiff's Complaint seeks

damages of less than $60,000, with the possible addition of reasonable attorney's fees. The Court finds that this Notice of Removal is insufficient to meet Defendant's burden of establishing jurisdiction.

Accordingly, the Court ORDERS that the above-captioned action is REMANDED to the District Court of the County of Denver, Colorado.

Dated this 26th day of June, 2012.

BY THE COURT:

William J. Martínez
United States District Judge